J-S18032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN CARL DERK | : | |
| | : | |
| Appellant | : | No. 49 MDA 2022 |

Appeal from the PCRA Order Entered November 24, 2021
In the Court of Common Pleas of Snyder County Criminal Division at
No(s):  CP-55-CR-0000153-1993,
CP-55-CR-0000306-1992

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED: MARCH 13, 2023**

Steven Carl Derk (Appellant) appeals[1] *pro se* from the order entered in

the Snyder County Court of Common Pleas dismissing his serial petition filed

---

[1] Under **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), an appellant is required to file separate notices of appeal when a single order resolves issues arising on more than one trial court docket.  **See Walker**, 185 A.3d at 977, **overruled in part**, **Commonwealth v. Young**, 265 A.3d 462, 477, (Pa. 2021) (reaffirming **Walker**, but holding Pa.R.A.P. 902 permits appellate court to, in its discretion, allow correction of the error where appropriate).  However, quashal is not required where non-compliance with **Walker** results from a breakdown in the courts.  **See Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019) (declining to quash an appeal where the PCRA court mistakenly informed the petitioner he could file "a" notice of appeal when there were two trial dockets); **Commonwealth v. Larkin**, 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*) (reaffirming **Stansbury** and holding we may overlook the requirements of **Walker** where a breakdown occurs in the court system and a defendant is misinformed of his appeal rights).

Here, the PCRA court issued an order dismissing Appellant's petition, but did not inform him of his appeal rights.  Order, 11/24/21.  On that same

*(Footnote Continued Next Page)*

pursuant to the Post-Conviction Relief Act (PCRA).[2]  He advances arguments related to due process, ineffective assistance of trial, appellate, and first PCRA counsel, and **Brady**[3] violations.  As we agree with the PCRA court that the present petition is untimely, we affirm.

A detailed recitation of the underlying facts is not necessary for this appeal.  Briefly, we note that in September 1993, Appellant, represented by counsel, was convicted of, *inter alia*, first-degree murder[4] of the two-year-old son of his then girlfriend, Tamie Gates.[5]

On July 24, 1996, this Court affirmed his judgment of sentence. **Commonwealth v. Derk**, 374 HBG 1995 (unpub. memo.) (Pa. Super. July 24, 1996).  The Pennsylvania Supreme Court granted limited review of Appellant's claim challenging trial counsels' failure to request a corrupt source jury instruction.  **Commonwealth v. Derk**, No. 0541 M.D. Allocatur Docket

---

day, the court filed a "Notice of Disposition," wherein it did inform Appellant of his right to appeal, but not of the implications of **Walker**.  Notice of Disposition, 11/24/21.  Appellant then filed a single notice of appeal listing two trial court docket numbers.  We conclude there was a breakdown of the courts and apply the exception detailed in **Stansbury**.  **See Stansbury**, 219 A.3d at 160.  Thus, we review the present appeal.

[2] 42 Pa.C.S. §§ 9541-9546.

[3] **Brady v. Maryland**, 373 U.S. 83 (1963) (government cannot withhold exculpatory evidence from defense).

[4] 18 Pa.C.S. § 2502(a).

[5] The record indicates Gates was separately charged related to this incident.

1996 (Pa. March 12, 1997). However, the Court was evenly divided and affirmed Appellant's judgment of sentence on October 7, 1998. *Commonwealth v. Derk*, No. 25 Middle District Appeal Docket 1997, at 332-33 (Pa. Oct. 7, 1998) (concluding counsel was not ineffective for failing to request a corrupt source jury instruction as it was inconsistent with Appellant's trial strategy). Appellant filed a petition for reargument with the Supreme Court, which denied it on December 11, 1998. *Commonwealth v. Derk*, No. 25 Middle District Appeal Docket 1997 (Dec. 11, 1998). He did not seek *certiorari* with the United States Supreme Court.

On July 13, 1999,[6] Appellant filed a timely counseled PCRA petition, his first, which the PCRA court granted,[7] affording him a new trial. The court opined that trial counsel was ineffective for failing to request cautionary instructions that the jury: "(1) could not consider [the victim child's mother's] guilty plea as substantive evidence of [Appellant]'s guilt[;] and (2) could

---

[6] The certified trial docket does not include an entry that a PCRA petition was filed on this date. However, Appellant, the Commonwealth, and a prior opinion filed by another panel of this Court all agree Appellant filed his first timely PCRA petition in July of 1999. *See* Appellant's Brief at 4; Commonwealth Brief at 4; *Commonwealth v. Derk*, 913 A.2d 875, 879 (Pa. Super. 2006), *appeal denied*, 185 MAL 2007 (Pa. Oct. 2, 2007), respectively.

[7] It appears from the certified trial docket that the PCRA court permitted Appellant to amend his 1999 PCRA petition in April of 2004. *See* Certified Criminal Docket CP-55-CR-0000306-1992, at 4. The docket then indicates the PCRA court entered an order granting relief on this petition on June 2, 2005. *See id.* at 5. The docket does not reflect why there was a several year lapse between Appellant's initial filing and the eventual relief. This does not impact our review.

consider a purportedly inconsistent statement made by [her] to be substantive evidence of [Appellant's] innocence." ***Derk***, 913 A.2d at 880. The Commonwealth appealed from this decision, and, on November 30, 2006, a panel of this Court vacated the order. The panel reasoned that Appellant's PCRA claims were "simply alternative theories in support of one discrete legal ground[,]" which was previously litigated on direct appeal. ***Id.*** at 883-84. On October 2, 2007, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

Appellant then filed *pro se* petitions for PCRA relief in 2010 and 2014, which were both dismissed. Order, 10/5/10; Order, 4/4/14.

On August 10, 2021, Appellant filed the present PCRA petition. On September 30, 2021, the PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing, finding the petition was untimely. Appellant filed a response on October 22, 2021, which baldly asserted the following:

1. After discovered evidence in the form of "exculpatory" evidence or witness testimony that proves "Actual innocence." [sic.]

2. "Brady Violation" for abuse of investigation, and Disclosure[.] Newly Discovered evidence. [sic.]

Appellant's Response to Notice of Dismissal, 11/12/21, at 2.[8] Appellant did not explain which evidence was allegedly "after" or "newly" discovered, or when he learned of it, nor did he assert that he filed his petition within one

---

[8] Appellant's response to the court's Rule 907 notice was dated October 22, 2021, but it was not docketed until November 12th.

year of learning of the evidence. The court dismissed the petition on November 24, 2021.

Appellant filed this timely[9] appeal,[10] where he raises the following claims:[11]

_____

[9] The 30th day after the court's order fell on December 24, 2021, which was a court holiday. As such, Appellant's appeal period was extended to Monday, December 27th. **See** 1 Pa.C.S. § 1908 (whenever the last day of a filing period falls on a weekend or on any legal holiday, such day shall be omitted from the computation of time). The PCRA court received Appellant's notice of appeal on December 28th.

On January 4, 2022, the PCRA court filed an order stating any notice of appeal filed after December 24, 2021, would be untimely. Order, 1/4/22. However, we deem Appellant's notice of appeal was timely filed *per* the prisoner mailbox rule. **See Commonwealth v. Patterson**, 931 A.2d 710 (Pa. Super. 2007) (even without postmark definitively noting date of mailing, panel may avoid quashal where date of receipt indicates that the appellant likely placed notice of appeal in hands of prison authorities before expiration of 30 days).

[10] The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[11] While the present matter was pending on appeal, Appellant continued to file, *inter alia*, serial *pro se* PCRA petitions, which raised claims of governmental interference. These petitions reiterated Appellant's assertions that the Commonwealth, his former attorneys, the Department of Corrections, and the judicial system were spearheading conspiracies to prevent him from gaining relief.

The PCRA court properly stated it did not have jurisdiction to review the above filings as his August 8, 2021, petition was pending appellate review, and thus, dismissed them. Order, 8/31/22 (dismissing Appellant's March 17th and April 7th filings); Order, 9/16/22 (dismissing Appellant's September 13th and April 7th filings). **See** Pa.R.A.P. 1701(a) ("[A]fter an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."); **Commonwealth v.**
*(Footnote Continued Next Page)*

A. Did . . . Trial Counsel violate [Appellant's 14th] Amendment Constitutional right to "Due Process Clause[,"] by not requesting the appointment of forensic specialist for the defense?

B. Were Trial Counsel Hugh Benson Jr., and George Hepner ineffective for failure to search, and locate one Ms. Jean Toth, that surfaced, held valuable, and crucial information that not only would've altered the outcome of the first trial in Sept[ember] 1993, or the [second] trial [Appellant] was ordered in 2005, but appealed by [the Attorney General's Office] in 2005-06, and then taken by the [Pennsylvania] Superior Court in Dec[ember] 2006[?]

C. Were [Attorneys] Hugh Benson, George Hepner, Michael G. Leonard (on direct), and Edward J. Rymsza PCRA Counse[,] ineffective for their outright refusal, and prejudice toward [Appellant], to bring forth the evidence that existed of the mother [of the child victim] Tamie Lynn Gates off, and on relation with one Phil Kegris?

D. Were [Appellant's] constitutional rights violated by the . . . Synder [County District Attorney's] Office . . . for failure to disclose testimony prepared by then Chief Investigator Officer James Hartley of the Selinsgrove Police Department of a 10 year old [witness, G.T.]? *Brady* Right Violations Violated?

E. Were [Appellant's] constitution[al] rights violated by the Snyder [County District Attorney's] Office['s failure] to disclose testimony, and identity of 911 dispatcher Ronald Nolder to the defense at the time during jury selection, when the Commonwealth submitted a supplemental witness list Sept[ember] 9, 1993? *Brady* right violations violated?

F. Were [Appellant's] constitutional rights violated, and *Brady* violations by the Snyder [County District Attorney's] Office, and the [Pennsylvania Attorney General's Office], by refusing to turn over "exculpatory" evidence results to [Appellant]?

---

*Bishop*, 829 A.2d 1170, 1172 (Pa. Super. 2003) (a court may not entertain a subsequent petition where a prior one is still subject to an appeal).

Appellant's Brief at 3 (some capitalization and punctuation omitted)[12]

Before we may address the merits of Appellant's argument, we must determine if his PCRA petition was properly filed.

> The timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. A judgment of sentence is final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (citations, quotation marks, and emphasis omitted); *see also* 42 Pa.C.S. § 9545(b)(1), (3).

Here, Appellant's judgment of sentence became final on March 11, 1999 — 90 days after the Pennsylvania Supreme Court denied his application for reargument and the time for filing a writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13(1) (requiring the filing of a petition for writ of *certiorari* within 90 days of entry of judgment). Generally, Appellant then had one year from that date to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). He filed the present petition on

---

[12] Appellant's claims have been reordered for ease of review.

August 10, 2021 — more than 20 years later — and as such, it is facially untimely.

The PCRA, however, allows for an appellant to file a petition after this period where they plead and prove one of the following timeliness exceptions:

> **(i)** the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> **(ii)** the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> **(iii)** the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition pleading any of the above exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Preliminarily, we note Appellant's *pro se* brief and PCRA petition are difficult to follow. **See** Appellant's Petition of Allowance Post-Conviction Habeas Corpus, 8/10/21. The PCRA court also stated its November 24, 2021, order dismissing Appellant's petition, it had "difficulty" in understanding the document, as he stated his arguments "in a blended and repetitive manner[.]" Order, 11/24/21, at 2. We remind Appellant that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **See Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003) (some citations omitted).

In Appellant's present serial PCRA petition and Rule 907 response, he does not raise any of the above exceptions to the time bar of the PCRA. **See generally** Appellant's Petition of Allowance Post-Conviction habeas Corpus, 8/10/21; Appellant's Response to Notice of Dismissal, 11/12/21; **see also** Order 11/24/21 (noting Appellant did not establish any of the timeliness exceptions). We note he did cite to **Commonwealth v. Bradley**, 241 A.3d 1091 (Pa. 2020), which granted a petition for allowance of appeal on the limited issue of how to enforce the right of effective counsel on a first PCRA proceeding.[13] However, Appellant was not represented by an attorney in the filing of the present serial petition. We agree with the PCRA court that it did not have jurisdiction to address any of his potential claims. **See Ballance**, 203 A.3d at 1031; 42 Pa.C.S. § 9545(b)(1)(i)-(iii). As such, we affirm the court's order on this basis.

Appellant's brief includes a section titled "Claim of Argument of Timeliness." Appellant' Brief at 11-16. Though labeled as such, this portion of his brief also does not plead or prove any timeliness exception set forth in the PCRA. Instead, it details a narrative of his time while incarcerated. **See id.** Generally, Appellant puts forth, *inter alia*, the following "arguments" he believes supports the timeliness of his petition: (1) his treatment by the

---

[13] The Pennsylvania Supreme Court has since decided **Bradley**, holding an appellant may "raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 405 (Pa. 2021). This does not, however, amount to an exception to the timeliness requirements under the Act.

Department of Corrections staff and other inmates while incarcerated; (2) being transferred into different facilities and placed into restricted housing after witnessing, *inter alia*, "sexual harassment" and the delivery of "contraband;" (3) his difficulty "at times" to access the facility's law library, and his presence in there "becom[ing] an issue[;]" (4) the lack of aid he received from PCRA Counsel Rymsza after making complaints of negative treatment; (5) several medical issues spanning over the time of his incarceration; and (6) the circumstances surrounding the death of two family members while he was incarcerated. *See id*.

These assertions do not support a timeliness exception under the PCRA. Further, regarding his claims of mistreatment in prison, the PCRA is not the proper vehicle for Appellant to obtain relief for this conduct. *See* 42 Pa.C.S. § 9543(a)(2)-(4) (eligibility for relief under the PCRA). Moreover, none of the seven claims in Appellant's brief warrant relief. As best as this Court can decipher in his brief, we list his arguments below.

In his first claim, Appellant asserts the trial court "should have appointed [him] forensic assistance" at his 1993 trial to rebut the expert witness evidence presented by the Commonwealth.[14] Appellant's Brief at 5. In his next two claims, Appellant alleges trial, appeal, and PCRA counsels were

---

[14] We note that in his questions presented, Appellant alleged it was trial **counsel** who violated his right to due process, where they did not **request** a forensic specialist, but in his argument section he alleges the trial **court** violated his rights where it did not **appoint** one. Appellant's Brief at 3, 5.

ineffective for the following reasons: (1) "failure to bring forth the identity of . . . Jean Toth to the [c]ourts"; and (2) the "intentional failure to bring forth the existence" of Phil Kegris, an alleged ex-boyfriend of the victim's mother. *Id.* at 8-10. In his last three claims, Appellant asserts the Commonwealth committed ***Brady*** violations where it: (1) did not disclose testimony from minor witness, G.T., until jury selection; (2) did not disclose testimony from and the identity of 911 dispatcher Ronald Nolder until jury selection; and (3) did not hand over requested "'exculpatory' evidence" involving "a condom test result. *Id.* at 5-7, 10.

Notably, Appellant acknowledges he either knew of this information at trial or previously raised these claims in prior PCRA petitions. *Id.* at 5-8, 10. As such, to the extent Appellant may argue he has newly discovered evidence, by his own admission, he has either previously raised each of the above claims or was aware of the allegations he wished to bring well before his 2021 petition. *See* 42 Pa.C.S. § 9545(b)(2).

Because Appellant filed a facially untimely PCRA petition and failed to plead or prove any exception to the time bar, we affirm the PCRA court's order.

Order affirmed.

President Judge Emeritus Bender has joined this memorandum.

Judge McLaughlin files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2023